[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13931

Non-Argument Calendar

_____

ABDUL CRAWFORD,

Plaintiff-Appellee,

*versus*

NORTH AMERICAN CREDIT SERVICES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01780-RBD-DCI

_____

Before Newsom, Grant, and Wilson, Circuit Judges.

PER CURIAM:

Defendant North American Credit Services, Inc. (NACS) appeals the district court's summary judgment in favor of Abdul Crawford on his complaint alleging that NACS violated the Fair Debt Collection Practices Act. NACS argues that the district court erred in granting Crawford's motion for summary judgment because the medical bills that were the subject of NACS's collection efforts were not a "debt" as defined in the Act, and because the Act's "bona fide error" defense applied. We disagree and affirm.

**I.**

Crawford was injured in a car accident while working as a courier for AdventHealth. He received medical treatment at an AdventHealth hospital, where he informed AdventHealth staff that his injuries were work related. About a week after the accident, an AdventHealth employee made an appointment request for Crawford's workers' compensation claim against AdventHealth.

Workers' compensation covered the medical bills for Crawford's work-related injuries—he was not responsible for paying those bills himself. *See* Fla. Stat. §440.13(13)(a), (g). Nonetheless, AdventHealth sent Crawford several bills for his post-accident hospital care and eventually forwarded those bills to a debt-collection agency, NACS. NACS sent Crawford two letters attempting to collect payment of the AdventHealth bills.

Crawford filed a lawsuit against NACS, alleging that its debt-collection letters violated the Fair Debt Collection Practices Act because they falsely represented that he owed money to AdventHealth for medical treatment of his work-related injuries. The parties filed cross-motions for summary judgment. The district court granted Crawford's motion and denied NACS's motion. NACS now appeals.

## II.

We review a district court's disposition of cross-motions for summary judgment de novo, construing the facts in favor of the non-movant for each motion. *Thai Meditation Ass'n of Alabama, Inc. v. City of Mobile*, 83 F.4th 922, 926 (11th Cir. 2023). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 mandates summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.

The Fair Debt Collection Practices Act prohibits the use of any false representation "in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates the Act if it falsely represents "the character, amount, or legal status of any debt." *Id.* § 1692e(2)(a). The Act establishes a civil cause of action

4                    Opinion of the Court                    24-13931

through which violators may be held liable for actual damages, statutory damages, and attorney's fees and costs. *See id.* § 1692k(a).

A debt collector can be held liable for violating the Act even if its violation was unintentional. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). But the Act provides an exception to this general "strict liability" rule "if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.* at 1271; 15 U.S.C. § 1692k(c).

NACS argues that the district court erred in granting Crawford's motion for summary judgment because (1) the medical bills at issue were not a "debt" as that term is defined in the Act; and (2) NACS satisfied the requirements of the bona fide error defense.[1]

**A.**

The Act defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the

---

[1] NACS also states that "genuine issues of material fact" existed regarding its bona fide error defense, precluding summary judgment. But NACS does not support that statement with any coherent argument—it does not identify any disputed factual questions, much less explain how a jury's resolution of the unspecified factual issues could lead to a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is "material" if it "might affect the outcome of the suit under the governing law."). We therefore reject this argument without further discussion.

subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Medical bills generally qualify as a "debt" under this definition. *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1122 (11th Cir. 2014).

NACS argues that Crawford's medical bills were not a "debt" under the Act because his financial obligation to the hospital was incurred while Crawford was working, not for "personal, family, or household purposes." This argument confuses Crawford's injuries, which occurred while he was working, with the medical treatment for those injuries, which did not. The "transaction" at issue here was the provision of medical services to Crawford in exchange for money—and receiving medical care was not part of Crawford's job as a courier. That the employer was obligated to pay for those services under Florida's workers' compensation scheme does not mean that the medical treatment was performed for the employer's business purposes. The medical bills here were a "debt" as that term is defined in the Act.

## B.

Next, NACS argues that summary judgment was improper because it satisfied the requirements of the Act's "bona fide error" defense. The bona fide error defense is an affirmative defense allowing a debt collector to avoid liability for a violation of the Act if it proves by a preponderance of the evidence that its violation "(1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid

6                    Opinion of the Court                24-13931

any such error." *Owen*, 629 F.3d at 1271 (quotation omitted); *see* 15 U.S.C. § 1692k(c).

Only the third element is at issue here.  To satisfy the "procedures" element of the bona fide error defense, a debt collector must show that it "maintained—*i.e.*, actually employed or implemented—procedures to avoid errors," and that "the procedures were reasonably adapted to avoid the specific error at issue." *Owen*, 629 F.3d at 1274 (quotation omitted).

The district court correctly concluded that, as a matter of law, NACS failed to meet its burden of proof on this element of its affirmative defense.  To begin, NACS has not pointed to testimony or any other evidence supporting its claim that it "actually employed or implemented" relevant procedures.   It *argues* that it satisfied the requirements of the bona fide error defense by: (1) relying on AdventHealth to not send work-related medical debts to NACS for collection; (2) complying with the Act's debt-validation requirements in its collection letters; and (3) employing a document titled "insurance work instructions," which appears to provide instructions for assisting patients with making insurance or workers' compensation claims.  But argument and an unauthenticated work-instruction document are not evidence—and without evidence that it maintained adequate procedures, NACS cannot survive summary judgment on a defense for which it would bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *Owen*, 629 F.3d at 1271.

In any event, even if NACS had presented evidence that it maintained the three referenced "procedures," none of those

24-13931                Opinion of the Court                7

procedures were "reasonably adapted to avoid the specific error at issue." *Owen*, 629 F.3d at 1274. We have explained before that a debt collector cannot fulfill its "affirmative statutory obligation to maintain procedures reasonably adapted to avoid readily discoverable errors" by delegating that obligation entirely to creditors, or by simply complying with statutory requirements. *Id.* at 1275–77. We have also explained that an "after-the-fact procedure" designed "to prevent the error from occurring *again*"—like the validation notice in NACS's collection letters, or the work instruction for assisting with a workers' compensation claim—is inadequate to prove the bona fide error defense because such procedures are not adapted to *avoid* errors. *Id.* (emphasis in the original).

## IV.

The district court did not err in determining that Crawford's medical bills were a "debt" under the Fair Debt Collection Practices Act, and that NACS failed to present evidence supporting an essential element of its affirmative defense to liability. We therefore affirm the court's summary judgment in Crawford's favor.

**AFFIRMED.**